O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 08-01403-SGL(JTLx)                    Date:  October 27, 2008

Title:        ALBERTO MEJIA *-v-* COUNTRYWIDE HOME LOANS, ET AL.
======================================================================
=
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                              None Present
            Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

None present                             None present

PROCEEDINGS:     ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

        Plaintiff filed a complaint on October 10, 2008, alleging various state law claims against defendant Countrywide Home Loans.  Nowhere in the complaint, however, has plaintiff identified the basis upon which this Court has jurisdiction to hear her claims.  The Federal Rule of Civil Procedure requires that any complaint filed in federal court "must contain a short and plain statement of the ground for the court's jurisdiction."  <u>See</u> Fed. R. Civ. Pro. 8(a)(1).

        Moreover, this Court's local rules similarly require that in providing the grounds for jurisdiction the complaint must the "statutory basis" for the same.  Again in the present complaint there is no allegation in the complaint on what basis this Court has jurisdiction to hear the case, be it diversity jurisdiction (28 U.S.C. § 1332) or federal question (28 U.S.C. § 1331).  Although it appears that plaintiff is seeking to invoke the Court's diversity jurisdiction over this matter — given that the only claims raised are state law in origin and the complaint does allege that more than $2 million in damages is sought — what is noticeably absent from the complaint is any allegation as to the citizenship of defendant.  All that is mentioned is that defendant does business in California.  (Compl. ¶ 2).  Such an allegation will not suffice.  "A claim alleging diversity of citizenship jurisdiction must contain averments of the parties' citizenship and the amount in controversy."  2 James Wm. Moore, Moore's Federal Practice § 8.03[5][a] at 8-15 (3rd ed. 2008).  The Ninth Circuit has held that allegations falling short of that addressing each party's citizenship are deemed insufficient.  <u>Fifty Assocs. v. Prudential Ins. Co.</u>, 446 F.2d 1187, 1190 (9th Cir. 1970).

ED CV 08-01403-SGL(JTLx)
ALBERTO MEJIA v COUNTRYWIDE HOME LOANS, ET AL.
MINUTE ORDER of October 27, 2008

     Given that plaintiff's complaint does not aver upon what basis jurisdiction is being asserted and because if such jurisdiction is based on the Court's diversity jurisdiction no allegation of defendant's citizenship has been alleged, the Court hereby **DISMISSES** the complaint but with **LEAVE TO AMEND**.   Plaintiff shall file an amended complaint within fourteen (14) days from the date of this Order that contains allegations setting forth the basis upon which this Court has jurisdiction to hear the claims set forth in the complaint, and if based on diversity jurisdiction, allegations setting forth the respective citizenship of both parties and the amount in controversy. Failure to submit an amended complaint within the time allotted will result in the dismissal of the case for failure to prosecute.

     IT IS SO ORDERED.

MINUTES FORM 90                                                        Initials of Deputy Clerk: jh
CIVIL -- GEN                              2